37454. NORRIS v. TRUST COMPANY OF COLUMBUS.

SMITH, Justice.

Appellant asserts that the trial court erred in denying his request for temporary and permanent injunction. The injunction had been requested to prevent a foreclosure sale under a second security deed. Foreclosure proceedings had been initiated because appellant failed to make payment on the note that was secured by the security deed. Appellant's prayer is based on the assertion that, on account of usury, both principal and interest due under the note have been forfeited under Code Ann. § 57-203 (a)(i). The trial court held that the "note is valid and not usurious" and denied injunctive relief.

The note was executed on July 18, 1978. At that time, Code Ann. § 57-101.1 provided: "Nothing contained in this Code section shall be construed to amend, modify, supersede or repeal any Act, Code section, or any other law which presently allows any person, company or corporation to reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money,

any rate of interest greater than nine percent (9%) per annum, including but not limited to . . . Chapter 57-2, relating to charges and interest on secondary security deeds . . ." See Ga. L. 1977, pp. 1221, 1223. Code Ann. § 57-202 (d) allowed "interest [to] be charged on the principal amount of the loan as hereinbefore defined at any rate not greater than a rate equivalent to six per cent per annum computed in accordance with the provisions of section 57-116, relating to interest on loans to be repaid in monthly, quarterly or yearly installments." See Ga. L. 1975, p. 1114. Code Ann. § 57-116 stated: "Any person, natural or artificial, in this State, lending money to be paid back in weekly, monthly, quarterly, semi-annual or yearly installments, may charge interest thereon at seven percent (7%) per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into weekly, monthly, quarterly, semiannual or yearly installments. At the option of the lender, interest may be charged in such cases on the principal amount of the loan at any rate not greater than a rate equivalent to seven percent (7%) per annum computed in accordance with the provisions hereof relative to the charging of interest on loans to be repaid in installments, such equivalent rate to be calculated on the assumption that all scheduled payments will be made when due and security may be taken therefor by mortgage with waiver of exemption or title or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged; and such contract shall not be held usurious and shall not be subject to any provision of the Georgia Industrial Loan Act, approved March 4, 1955 (Ga. L. 1955, p. 431), as now or hereafter amended." See Ga. L. 1977, pp. 698, 699.

The principal amount of the loan in this case was $31,483.03. Interest was computed at 6% add on, and the term of the loan was 98 months. The first installment, however, was not due until the passage of three months. Thus, the loan was to be paid off in 96 equal monthly installments of $488.64.

Under the provisions cited above, the note was not usurious. The interest charged was "not greater than a rate equivalent to six per cent per annum computed in accordance with the provisions of section 57-116 . . ." Accordingly, the trial court did not err in refusing to enjoin the foreclosure sale.

*Judgment affirmed. Jordan, C. J., Hill, P. J., Marshall, Clarke and Gregory, JJ., concur.*

DECIDED OCTOBER 15, 1981.

*Elkins & Flournoy, T. M. Flournoy, Jr.,* for appellant.

*Lee R. Grogan,* for appellee.